Michael J. McCue
Nevada Bar No. 6055
Meng Zhong
Nevada Bar No. 12145
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8224
E-mail: mmccue@lrrc.com
E-mail: mzhong@lrrc.com

Joseph M. Kuo
will comply with LR IA 11-2 within 45 days
Illinois Bar No. 6216400
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark, Suite 4200
Chicago, IL  60601
Telephone: (312) 876-7151
E-mail:  joseph.kuo@saul.com

*Attorneys for Plaintiff*
*Operation North Pole, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Operation North Pole, Inc., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>Nicole Tomlison, an individual, d/b/a Operation North Pole,<br><br>Defendants. | Case No.: 2:17-cv-02759<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Operation North Pole, Inc. ("ONP") by its undersigned attorneys, complains against Defendant Nicole Tomlinson, d/b/a Operation North Pole ("Defendant") as follows:

**STATUTORY BASIS AND NATURE OF ACTION**

1. This action is for: (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); and (2) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Plaintiff seeks preliminary and permanent injunctive relief and an award of

1

102722763_1

1  profits and actual damages, among other remedies, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. Defendant is subject to personal jurisdiction in this judicial district because she is domiciled within this state and judicial district, and by way of her operating the accused services within this state and judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events complained of occurred in this district, and because Defendant is located in this district, and because Defendant is subject to personal jurisdiction herein.

## THE PARTIES AND BACKGROUND FACTS

6. Plaintiff ONP is a not-for-profit corporation organized under the laws of the state of Illinois, and has a principal place of business at 50 W. Oakton St., Des Plaines, IL 60018.

7. ONP is a volunteer-based public charity. ONP works with Chicago's major children's hospitals, providing a day of fun and fantasy for families who have a child battling a life threatening illness by hosting a fantasy trip to the North Pole. Since at least as early as 2009, ONP has engaged in charitable fundraising services, such as by organizing and conducting special events for children with medical conditions and their families.

8. In 2011, 30 families were invited to ONP's first fantasy trip to the North Pole to visit Santa Claus via the Metra Union Pacific Northwest Line (Chicago's Commuter rail line). Along with its many volunteers, ONP transformed an assembly hall into a winter wonderland for the day's party.

9. Over the years, the "winter wonderland" event has grown, and is now held in the 28,000 square foot main floor ballroom of the prestigious Donald E. Stephens Convention Center in Rosemont Illinois. It is a full day of fun, excitement, and joy for the children and their families.

2

102722763_1

10. ONP also charters a Metra train for the event, and even "wraps" train cars and the engine in a festive theme, further adding to the day's magical excitement for these families.

11. Other charitable efforts have involved work with another charitable organization, Operation Warm, to provide winter coats to needy children in the greater Chicago area.

12. Plaintiff is the owner of federally trademark Registration Serial No. 5,265,860 ('860 Registration) for the word mark OPERATION NORTH POLE ("ONP Word Mark").

13. A copy of the ONP Word Mark Registration certificate is attached hereto as Ex. A. The '860 Registration is in full force and effect on the Trademark Principal Register and constitutes conclusive evidence of the validity of the ONP Word Mark, Plaintiff's ownership of the ONP Word Mark, and Plaintiff's exclusive right to use the ONP Work Mark in commerce in connection with the registered services (15 U.S.C. § 1115(b)).

14. Since at least as early as December 3, 2009, Plaintiff has continuously used the ONP Word Mark in interstate commerce related to charitable fundraising services.

15. Since at least as early as November 20, 2009, Plaintiff has operated the website www.operationnorthpole.org in association with its services.

16. Upon information and belief, Defendant is an individual residing at 9500 Balatta Canyon Court, Las Vegas, NV 89144.

17. Defendant has since 2016 operated an activity called Operation North Pole in Tivoli Village, 440 S. Rampart Blvd, Las Vegas, NV 89145.

18. Defendant's Operation North Pole is a Christmas holiday themed activity.

19. Defendant's Operation North Pole raises money, a portion of which is donated to charity.

20. Defendant has also, since 2016, registered the website www.opnorthpole.com, which displays the mark "Operation North Pole" with its services. Ex. B.

21. Defendant has also, since 2016, registered the website www.operationnorthpole.net, which redirects to the website www.opnorthpole.com.

22. Defendant is infringing Plaintiff's ONP Word Mark, which has become

3

exclusively associated with Plaintiff after years of use and promotion by Plaintiff.

23. Defendant is infringing Plaintiff's ONP Word Mark through her use of mark Operation North Pole for services similar to those of Plaintiff.

24. Defendant is infringing Plaintiff's ONP Word Mark through her use of the domain name www.operationnorthpole.net.

25. On information and belief, Defendant was aware of Plaintiff's ONP Word Mark prior to her adoption of "Operation North Pole" for her services.

26. Defendant was notified by way of a letter dated August 1, 2017 that Plaintiff considered her use of Operation North Pole to be an infringement of Plaintiff's ONP Word Mark.

27. Despite Plaintiff's attempts to resolve this matter, Defendant continues to use the mark Operation North Pole with her services.

**COUNT I**
**VIOLATION OF THE LANHAM ACT**
**FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114(1)(a)**

28. Plaintiff realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

29. This Count is based on infringement of one or more trademarks registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 *et seq*.

30. Long after Plaintiff's first use the ONP Word Mark, Defendant began using "Operation North Pole" in commerce to identify her services.

31. Defendant's unauthorized use of the mark "Operation North Pole" for her services is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendant's services with Plaintiff, or as to the sponsorship, approval or affiliation of Defendant by or with Plaintiff, in violation of 15 U.S.C. § 1114.

32. Defendant's use of the domain www.operationnorthpole.net for her services is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendant's services with Plaintiff, or as to the sponsorship, approval or

4

affiliation of Defendant by or with Plaintiff, in violation of 15 U.S.C. § 1114.

33. On information and belief, Defendant had direct and full knowledge of Plaintiff's prior use of the ONP Word Mark before the acts complained of herein.

34. Defendant has refused to cease using Operation North Pole in association with her services despite Plaintiff's requests that she do so. Defendant's actions therefore constitute knowing, deliberate, and willful infringement of Plaintiff's ONP Word Mark and makes this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of Defendant's knowing, deliberate, and willful infringement of Plaintiff's ONP Word Mark, Plaintiff has been, is now, and will continue to be damaged and irreparably harmed. Thus, Plaintiff has no adequate remedy at law.

36. Defendant will continue such infringement unless enjoined by this Court.

**COUNT II**
**VIOLATION OF THE LANHAM ACT**
**FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)(1)(A)**

37. Plaintiff realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

38. This Count is based on false designation of origin and false description or representation in violation of 15 U.S.C. § 1125(a)(1)(A).

39. Plaintiff has used and is currently using the ONP Word Mark to identify its services and to distinguish them from the services of others.

40. Long after Plaintiff's first use of the ONP Word Mark, Defendant began using her Operation North Pole designation in commerce to identify and advertise her services. Those unlawful acts of Defendant are likely to confuse, cause mistake, or deceive consumers that Defendant's services are authorized by, sponsored by or affiliated with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

41. On information and belief, Defendant had direct and full knowledge of Plaintiff's prior use of the ONP Word Mark before the acts complained of herein.

42. Defendant has refused to cease using Operation North Pole in association with her services despite Plaintiff's requests that she do so. Defendant's actions therefore constitute

102722763_1

knowing, deliberate, and willful infringement of Plaintiff's ONP Word Mark and makes this an exceptional case under 15 U.S.C. § 1117(a).

43. As a result of Defendant's knowing, deliberate, and willful infringement of Plaintiff's ONP Word Mark, Plaintiff has been, is now, and will continue to be damaged and irreparably harmed. Thus, Plaintiff has no adequate remedy at law.

44. Defendant will continue such infringement unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment:

A. that Defendant has infringed U.S. Trademark Registration Serial No. 5,265,860;

B. that Defendant is liable for unfair competition relative to Plaintiff's ONP Word Mark;

C. preliminarily and permanently restraining and enjoining Defendant, her servants, attorneys, employees, parent, subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further infringement of said ONP Word Mark, including:

(1) reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Defendant's business without the consent of Plaintiff, "Operation North Pole" exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks on products similar to those used by Plaintiff';

(2) using in any way in connection with Defendant's business any other mark, designation or term so similar to Plaintiff's ONP Word Mark, as to be likely to cause confusion, or to cause mistake, or to deceive;

(3) otherwise infringing Plaintiff's ONP Word Mark;

(4) injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's ONP Word Mark, and from otherwise unfairly competing, directly or indirectly, with Plaintiff; and

(5) causing a likelihood of confusion or misunderstanding as to source,

6

102722763_1

sponsorship, association, affiliation, approval or certification with or by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct that tends to pass off Defendant's services as those of Plaintiff or creates a likelihood of confusion, misunderstanding, or false representation;

D. ordering Defendant to account for and pay to Plaintiff her actual damages by reason of Defendant's infringement, unfair competition, and to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant from its infringement, unfair competition, and other unlawful acts, and such other damages as appear proper to the Court;

E. ordering Defendant to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, computer files (including but not limited to any text and/or images that are hosted on Defendant's web site(s) or social media sites, or on any of Defendant's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its agents, that bear the designation Operation North Pole alone or in combination with other words or terms or any mark or term confusingly similar to Plaintiff's ONP Word Mark, including all means of making the same;

F. ordering Defendant to transfer ownership and control in the domain names www.opnorthpole.com and www.operationnorthpole.net to Plaintiff;

G. granting Plaintiff a judgment for injunctive relief, costs and reasonable attorneys' fees;

H. granting Plaintiff a judgment for punitive damages in an amount to be determined;

I. ordering Defendant to file in Court and to serve upon Plaintiff's counsel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

7

102722763_1

J.  finding Defendant to have willfully infringed the ONP Word Mark and awarding Plaintiff enhanced damages of three (3) times its compensatory damages for Defendant's willful infringement;

K.  awarding Plaintiff pre-judgment and post-judgment interest;

L.  finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to Plaintiff;

M.  awarding costs to Plaintiff; and

N.  granting Plaintiff such other and further relief as may be proper under the circumstances.

Dated: November 1, 2017  Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:  /s/ Michael J. McCue
Michael J. McCue
Meng Zhong
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8224
E-mail: mmccue@lrrc.com
E-mail: mzhong@lrrc.com

Joseph M. Kuo *(pro hac to be filed)*
SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark, Suite 4200
Chicago, IL  60601
Telephone: (312) 876-7151
E-mail:  joseph.kuo@saul.com

*Attorneys for Plaintiff*
*Operation North Pole, Inc.*

8

102722763_1