**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OPERATION NORTH POLE, INC., | )<br>)<br>) Case No.: 2:17-cv-02759-GMN-GWF |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) |
| MAGICAL MOMENT EVENTS LLC, | ) |
| | ) |
| Defendant. | ) |
| MAGICAL MOMENT EVENTS LLC, | ) |
| | ) |
| Counterclaimant, | ) |
| vs. | ) |
| | ) |
| OPERATION NORTH POLE, INC., | ) |
| | ) |
| Counterdefendant. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 14), filed by Plaintiff Operation North Pole, Inc. ("Plaintiff"). Defendant Magical Moment Events LLC ("Defendant") filed a Response, (ECF No. 16), and Plaintiff filed a Reply, (ECF No. 17).

**I.   BACKGROUND**

This case arises from Defendant's alleged infringement of Plaintiff's trademark for the word mark "Operation North Pole" ("ONP Word Mark"). (Compl. 4:2–5, ECF No. 1). Defendant is a for-profit entity that hosts events in Las Vegas, Nevada. (*See* Answer 8:24 ("Countercl."), ECF No. 12); (Resp. 2:28). In 2016, Defendant began using the ONP Word Mark for a seasonal Christmas themed interactive experience in one of the shopping centers in Las Vegas. (Compl. 3:19–20; Countercl. 12:4–5). That same year, Defendant registered its

website, www.opnorthpole.com, which displays the ONP Word Mark in advertising Defendant's Christmas event. (Compl. 3:24–25; Ex. B to Compl., ECF No. 1-2). After the event, Defendant donated a portion of the money raised from its use of the ONP Word Mark to charity, although the majority of the event was for-profit. (Compl. 3:22–23).

Plaintiff is a 501(c)(3) not-for-profit corporation located in Des Plaines, Illinois. (Mot. to Dismiss 3:25). In 2009, Plaintiff began engaging in year-round charitable fundraising services, namely organizing and conducting special events for children with medical conditions. (Compl. 2:18–20). Plaintiff began to take children on a yearly "fantasy trip" to the North Pole in 2011. (*Id.* at 2:16–18). This fantasy trip is conducted via a chartered commuter rail line culminating in a "winter wonderland" themed party. (*Id.* at 2:21–24). Plaintiff's other charitable efforts include working with Operation Warm, another charitable organization, to provide winter coats to children. (*Id.* at 3:3–5). In conjunction with these services, Plaintiff started operating a website on November 20, 2009, called www.operationnorthpole.org, which displays the ONP Word Mark and advertises Plaintiff's services. (*Id.* at 3:15–16).

On January 23, 2017, Plaintiff filed for the ONP Word Mark pursuant to its "charitable fundraising services." (Compl. Ex. A, ECF No. 1-1). In the application, Plaintiff stated that it used the ONP Word Mark in commerce beginning on December 3, 2009. (*Id.*). On September 19, 2017, the USPTO granted Plaintiff's trademark application for the ONP Word Mark. (Countercl. 9:25–27). Defendant alleges that Plaintiff's application for the ONP Word Mark was filed "over four months after [Defendant] commenced use of its [ONP Word Mark] in Nevada." (*Id.* at 9:17–18).

On August 1, 2017, Plaintiff informed Defendant that Plaintiff believed Defendant's use of Operation North Pole infringed on Plaintiff's ONP Word Mark. (Compl. 4:8–10). Defendant allegedly continued to use the ONP Word Mark following Plaintiff's warning. (*Id.* at 4:11–12). Because of this, Plaintiff filed its Complaint on November 1, 2017, asserting the following

causes of action: 1) federal trademark infringement and 2) federal unfair competition. (*Id.* at 4:13–14, 5:12–13). On January 5, 2018, Defendant filed its Answer and Counterclaims alleging: 1) declaratory judgment; 2) cancellation of registrations pursuant to non-use; and 3) cancellation of registrations pursuant to fraud. (Countercl. 12:15–16, 13:8–9, 14:4–5). On January 23, 2018, Plaintiff filed its Motion to Dismiss seeking dismissal of Defendant's second and third counterclaims. (Mot. to Dismiss 1:28–2:1–2).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, Plaintiff moves to dismiss Defendant's second and third counterclaims seeking cancellation of Plaintiff's ONP Word Mark for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss 3:20–22). In the alternative, Plaintiff seeks dismissal of the third counterclaim for a failure to meet the heightened pleading standard for fraud. (*Id.* at 8:5–6). The Court will begin with the arguments under the Rule 12(b)(6) standard.

### A. Motion to Dismiss pursuant to Rule 12(b)(6)

Defendant's second and third counterclaims argue for cancellation of Plaintiff's ONP Word Mark for non-use and fraud. (Countercl. 13:23–25, 14:19–21). The Court will first address Defendant's second counterclaim alleging non-use and then will turn to the third counterclaim alleging fraud.

#### 1. *Cancellation of Registrations – Non-Use*

Defendant's second counterclaim seeks cancellation of Plaintiff's registration for non-use. (*See* Countercl. 13:8–9). Specifically, Defendant alleges that Plaintiff "has not used the [ONP World Mark] in interstate commerce in the United States and [Plaintiff's] Registrations are invalid and unenforceable." (*Id.* at 13:19–22). When a plaintiff argues for cancellation of a trademark registration due to non-use in interstate commerce, the Court construes it as an abandonment claim under the Lanham Act. 15 U.S.C. § 1127 (2018). As such, the Court will analyze the claim as one for abandonment.

A trademark is abandoned when "its use has been discontinued with intent not to resume use." 15 U.S.C. § 1127. The meaning of "use" regarding abandonment is "use in commerce." *Electro-Source, LLC v. Brandess-Kalt-Aetna-Grp., Inc.*, 458 F.3d 931, 936 (9th Cir. 2006). "A

mark shall be deemed to be in use in commerce . . . on services when it used or displayed in the sale or advertising of services and the services are rendered in commerce." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1204 (9th Cir. 2012) (citing 15 U.S.C. § 1127); *see also*, *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1159 (9th Cir. 2001) (holding that "for both goods and services, the 'use in commerce' requirement includes (1) an element of actual use, and (2) an element of display") (citing 15 U.S.C. § 1127).

Commerce is defined as "all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. "It is well settled that so defined 'commerce' includes intrastate commerce which 'affects' interstate commerce." *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 120 (9th Cir. 1968). To adequately plead that a trademark has been abandoned, a plaintiff must plead facts from which a court could reasonably infer that the trademark has not been used in commerce for a three-year period. *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 411 (9th Cir. 1996).

Here, Defendant relies on two assertions in support of its counterclaim. First, Defendant alleges that Plaintiff only offers services under the ONP Word Mark in Illinois. (Countercl. 11:15–16). Second, Defendant asserts that Plaintiff is not registered to do business in states other than Illinois. (*Id.* at 11:17–19). Pursuant to these arguments, Defendant alleges that the trademark is therefore invalid and unenforceable for only being used intrastate. (*Id.* at 11:27–12:1).

The Court notes preliminarily that a party does not need to register to do business in a state to engage in interstate commerce. *Eli Lilly & Co. v. Sav-on-Drugs, Inc.*, 366 U.S. 276, 278 (1961) (stating that "it is well established that New Jersey cannot require [plaintiff] to get a certificate of authority to do business in the State if its participation in this trade is limited to its wholly interstate sales"); *see Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S. 20, 33 (1974) (holding that a foreign corporation engaged in interstate commerce must have sufficient

intrastate contacts before a State can require the corporation to qualify to do business). Moreover, Defendant agrees with "the proposition that one need not be registered to do business in a state to be engaged in commerce for the purpose of interstate commerce." (Resp. 8:10–13). As such, Defendant's second argument that Plaintiff's trademark is invalid because Plaintiff is not registered to do business in states outside of Illinois lacks merit. The Court will turn to Defendant's first argument concerning the services offered under the ONP Word Mark being used exclusively in Illinois.

In its Motion to Dismiss, Plaintiff argues that because it is a not-for-profit corporation governed by 501(c)(3), which subjects it to regulation by Congress, Plaintiff's activities constitute use in commerce. (Mot. to Dismiss 6:25–7:1–2). Plaintiff further argues that the Lanham Act's use-in-commerce requirement does not require the movement of goods or services across state lines, as Congress can regulate intrastate activity under the commerce clause. (*Id.* at 7:5–7).

Although Defendant alleges that Plaintiff's offering of services under the ONP Word Mark only in Illinois constitutes abandonment, the Court disagrees. It is well established that Congress can regulate intrastate activity under the commerce clause. *Gonzales v. Raich*, 545 U.S. 1, 17 (2005); *see, e.g.*, *Perez v. United States*, 402 U.S. 146, 151 (1971); *Wickard v. Filburn*, 317 U.S. 111, 128–29 (1942). Commerce includes intrastate activity so long as the activity has a substantial economic effect on interstate commerce. *Rasmussen v. Am. Dairy Ass'n*, 472 F.2d 517, 522 (9th Cir. 1972).

While Defendant asserts that Plaintiff only offers services in Illinois, Plaintiff's intrastate activity satisfies the use-in-commerce requirement as the Lanham Act reaches all commerce that "may lawfully be regulated by Congress." 15 U.S.C. § 1127. As discussed *supra*, Congress can regulate intrastate activity under the commerce clause. *See Gonzales*, 545 U.S. at 17.

Moreover, to satisfy the use-in-commerce requirement, there must be an element of actual use and an element of display. *Chance*, 242 F.3d at 1159. Plaintiff's use of the ONP Word Mark in Illinois satisfies the actual use element as it shows that Plaintiff uses the ONP Word Mark in a form of commerce that is subject to regulation under Congress's commerce power. *See Larry Harmon Pictures Corp. v. Williams Rest. Corp.*, 929 F.2d 662, 666 (Fed. Cir. 1991) ("It is not required that such services be rendered in more than one state to satisfy the use in commerce requirement."). Further, Plaintiff's use of the ONP Word Mark in Illinois satisfies the second element of the use-in-commerce requirement as it "create[s] an association of the goods or services and the mark with the [Plaintiff's] use thereof." *Chance*, 242 F.3d at 1159 (quoting *Hotel Corp. of Am. v. Inn Am., Inc.*, 153 U.S.P.Q. 574, 576 (TTAB 1967)).

Additionally, federal registration provides "prima facie evidence" that the trademark is valid. *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (citing 15 U.S.C. §§ 1057(b), 1115(a)). Because Congress can regulate Plaintiff's intrastate activity, and because Plaintiff's trademark is federally registered, the Court dismisses Defendant's second counterclaim as to the abandonment argument.

In its Response, Defendant alleges for the first time that Plaintiff's use of the ONP Word Mark is not lawful. (Resp. 9:3–4). Defendant again premises this assertion on the fact that Plaintiff is not registered to do business in the states surrounding Illinois. (*Id.*). The unlawful use doctrine is different from an abandonment claim, and thus the unlawful use analysis would differ from the analysis for a claim of non-use. However, Defendant failed to allege the unlawful use claim in either of its counterclaims, as this argument was only brought up in Defendant's Response. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original, citations omitted). Thus, the Court will not consider it, and the second counterclaim is dismissed without prejudice.

## 2. *Cancellation of Registrations – Fraud*

Defendant's third counterclaim argues that the ONP Word Mark should be canceled due to Plaintiff's fraudulent conduct. (Answer 14:19–21). Specifically, Defendant argues that Plaintiff was not using the ONP Word Mark in interstate commerce at the time of Plaintiff's trademark application, and because of this, Plaintiff "knowingly misrepresented its [ONP Word Mark] use to the USPTO with the intent to procure the [Plaintiff's] Registrations." (*Id.* at 13:12–18). Defendant supports the counterclaim by asserting that: (1) Plaintiff filed the registration for the ONP Word Mark based on its use of the ONP Word Mark in interstate commerce; (2) Plaintiff is not registered to do business in any state surrounding Illinois or in Nevada; and (3) Plaintiff only offers services under the ONP Word Mark in Illinois. (*Id.* at 10:14–17, 11:15–19, 14:12–14).

A registered trademark can be canceled due to fraud if the party can show: (1) a false representation of a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the intent to induce reliance upon the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from the reliance. *Robi v. Five Platters, Inc.*, 918 F.3d 1439, 1444 (9th Cir. 1990) (citing *San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 473 (10th Cir. 1988)).

Here, the Court finds Defendant's third counterclaim to be insufficiently pled. As discussed *supra*, a party does not need to register to do business in another state in order to engage in interstate commerce. *See Eli Lilly & Co.*, 366 U.S. at 278. Further, intrastate use of the mark can satisfy the Lanham Act's use-in-commerce requirement. *See Gonzales*, 545 U.S. at 17; 15 U.S.C. § 1127. Accordingly, registration of a word mark based on intrastate use does not constitute a false representation of use-in-commerce. Therefore, Defendant's assertion that Plaintiff "knowingly misrepresented" its use of the ONP Word Mark in commerce cannot be inferred solely because Plaintiff only offers services in Illinois. As Plaintiff's intrastate use of

the ONP Word Mark can satisfy the use-in-commerce requirement, such intrastate use would not be a misrepresentation of a material fact if used as the basis for registration under the Lanham Act. *See Christian Faith Fellowship Church v. Adidas AG*, 841 F.3d 986, 995 (Fed. Cir. 2016) ("Because one need not direct goods across state lines for Congress to regulate the activity under the Commerce Clause, there is likewise no such per se condition for satisfying the Lanham Act's 'use in commerce' requirement"). Defendant therefore has failed to allege a false representation of a material fact. Thus, Defendant's second counterclaim is dismissed without prejudice.[1]

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Defendant may be able to plead additional facts to support its second and third counterclaim against Plaintiff. Accordingly, the Court will grant Defendant leave to file an amended counterclaim. Defendant shall file an amended counterclaim within twenty-one (21) days of the date of this Order.

---

[1] Plaintiff alternatively asserts that Defendant's third counterclaim should be dismissed pursuant to Federal Rule of Civil Procedure 9(b). (Mot. to Dismiss 3:2–5). However, because the Court is dismissing Defendant's third counterclaim pursuant to Rule 12(b)(6), the Court need not engage in a Rule 9(b) analysis.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss, (ECF No. 14), is **GRANTED**. Specifically, Defendant's second and third counterclaims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant shall have twenty-one (21) days from the filing of this Order to file its second amended counterclaim. Failure to file an amended counterclaim by this date shall result in the Court dismissing the claims with prejudice.

**DATED** this __16__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge